LaMonte Rydell MARTIN,
Petitioner–Appellant

v.

Jessica SYMMES, Warden, Oak Park Heights Facility, Minnesota,
Defendant–Appellee

Juvenile Law Center; Campaign for the Fair Sentencing of Youth; Children's Law Center of Los Angeles; Council on Crime and Justice; Defender Association of Philadelphia; Isaiah; Juvenile Justice Project of Louisiana; Juvenile Justice Initiative; Legal Rights Center; National Association of Criminal Defense Lawyers; National Center for Youth Law; National Juvenile Defender Center; National Juvenile Justice Network; National Legal Aid & Defender Association; The Orleans Public Defenders; The Pacific Juvenile Defender Center; The Public Defender Service for the; Rutgers School of Law—Camden Children's Justice Clinic; San Francisco Office of the Public Defender; Youth Law Center; Stephen K. Harper; Kristin Henning; Frank Vandervort, Amici on Behalf of Appellant(s).

No. 13–3676.

United States Court of Appeals,
Eighth Circuit.

Submitted: April 13, 2016.

Filed: May 3, 2016.

Bryan Allen Stevenson, Montgomery, AL, Zachary Allen Longsdorf, Inver Grove Heights, MN, for appellant.

Lee W. Barry, Minneapolis, MN, for appellee.

Marsha L. Levick, on the amicus brief, Philadelphia, PA.

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

BENTON, Circuit Judge.

This case is before this court on remand from the United States Supreme Court. LaMonte Rydell Martin was convicted of first-degree murder and sentenced to life without parole. He was 17 years old at the time of the murder. Martin argues his sentence is in violation of the Eighth Amendment, citing *Miller v. Alabama,* —— U.S. ——, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). This court disagreed, holding *Miller* does not apply retroactively to cases on collateral review. *Martin v. Symmes,* 782 F.3d 939 (8th Cir.2015).

In *Martin v. Smith,* —— U.S. ——, 136 S.Ct. 1365, 194 L.Ed.2d 347 (2016), the Supreme Court granted certiorari and vacated this court's earlier judgment based on the *Montgomery* case. *See Montgomery v. Louisiana,* —— U.S. ——, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (ruling *Miller* applies retroactively to cases on collateral review).

\*     \*     \*     \*     \*     \*

This court vacates Part I of its previous opinion while reaffirming Part II. The previous judgment is vacated and the case remanded for proceedings consistent with this opinion.